**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| QUAN NGUYEN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. CIV-25-812-G |
| | ) |
| STATE FARM FIRE AND | ) |
| CASUALTY COMPANY et al., | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

Now before the Court is Plaintiff Quan Nguyen's Motion to Remand (Doc. No. 12).

Defendant State Farm Fire and Casualty Company ("State Farm") has responded (Doc. No.

15) and Plaintiff has replied (Doc. No. 16).

*I.     Background*

Plaintiff initially filed this action in the District Court of Comanche County,

Oklahoma, on June 13, 2025.  *See* Pet. (Doc. No. 1-8).  Plaintiff challenges State Farm's

denial of an insurance claim submitted for wind and hail damage to the roof of Plaintiff's

property following a June 2023 storm.  *See id.* ¶¶ 40, 50.

Plaintiff's claims are premised on an alleged scheme referred to as the "Wind/Hail

Focus initiative," pursuant to which State Farm and its captive insurance agents—i.e.,

agents who exclusively sell State Farm products—underpay and deny wind and hail

damage claims.  *See id.* ¶¶ 1-4.  According to Plaintiff, the scheme begins when an agent

sells a replacement cost home insurance policy to the insured.  *See id.* ¶ 4(a).  In doing so

the agent "expressly and/or impliedly represents" that: the property meets State Farm's

underwriting guidelines and is eligible for the coverage sought; the replacement cost value calculated by the agent is accurate; and the policy provides coverage for wind and hail damage. *Id.* ¶¶ 4, 19, 21, 25, 36. State Farm then issues the policy. *Id.* ¶ 4(c).

If the insured later incurs a covered loss from wind or hail damage and submits a timely claim, State Farm denies the claim based on a variety of bad faith claims handling tactics. *Id.* ¶ 4(d), (e). State Farm agents allegedly know of this scheme and fail to disclose it to customers, despite having a legal duty to do so. *Id.* ¶ 4(b).

Plaintiff brings claims of breach of contract, breach of the duty of good faith and fair dealing, and constructive fraud/negligent misrepresentation against Defendant State Farm. *See id.* ¶¶ 45-59, 67-79. Plaintiff also asserts claims against his insurance agent, Jason Hosch Agency, Inc. ("Defendant Hosch"), for negligent procurement of insurance and for constructive fraud/negligent misrepresentation. *See id.* ¶¶ 60-79.

State Farm removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder. *See* Notice of Removal (Doc. No. 1) at 1-2. Plaintiff then filed the instant Motion to Remand, alleging that State Farm has not met its burden of establishing fraudulent joinder.

## II. Relevant Standards

A civil action filed in a state court may be removed to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521

2

(10th Cir. 1991).  "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."  *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Jurisdiction under § 1332(a) requires complete diversity among the parties. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 40.  It is further undisputed that Plaintiff and Defendant Hosch are both citizens of Oklahoma for diversity purposes and that State Farm is a non-Oklahoma citizen for diversity purposes.  *See id.* ¶¶ 5-7.  Therefore, complete diversity does not exist among the parties.

Citing this lack of diversity, Plaintiff seeks remand of this case to state court.  *See* Pl.'s Mot. to Remand at 16, 32; 28 U.S.C. § 1447(c).  State Farm asserts that the Court has jurisdiction over this action because Plaintiff fraudulently joined Defendant Hosch, a non-diverse defendant, as a means to defeat removal.  *See* Notice of Removal at 2-4, 21; Def.'s Resp. at 8-29.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief.  *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual

3

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal quotation marks omitted). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (internal quotation marks omitted).

III.    *Discussion*

A.  *Actual Fraud in the Pleadings*

Defendant State Farm asserts that Plaintiff has engaged in fraud in the pleading of jurisdictional facts. *See* Def.'s Resp. at 13-18. State Farm's argument rests primarily on what it describes as "an implausible and increasing number of cases" brought by Plaintiff's counsel against State Farm and other insurers alleging that different agents are complicit in "systematic and pervasive" insurance schemes by the same misrepresentations and underwriting failures. *Id.* at 13-14.

While this Court has expressed discomfort with the substantially similar allegations presented, neither the similarity of allegations nor the number of cases filed by Plaintiff's counsel, standing alone, establishes actual fraud. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025). "[T]he Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable." *Id*. at 1105; *see also Whitby v. State Farm Fire & Cas. Co.*, No. 23-CV-00073, 2023 WL 11763365, at *4 (N.D. Okla. Aug. 21, 2023) (declining to find fraud in the pleadings "simply because the allegations here are similar to those made in other cases").

4

### B. Plaintiff's Inability to Establish a Claim Against Defendant Hosch

In evaluating State Farm's assertion of fraudulent joinder, the Court must "determine whether [Plaintiff] has any possibility of recovery against" Defendant Hosch. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted). The removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)," as "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

"This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder, the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted).

Plaintiff asserts two causes of action against Defendant Hosch: (1) negligent procurement of insurance; and (2) constructive fraud/negligent misrepresentation. *See* Pet. ¶¶ 60-79. Each cause of action is addressed in turn below.

### 1. Negligent Procurement of Insurance

Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill[,] and diligence in the procurement of insurance." *Swickey*

5

*v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2004) (alteration and internal quotations marks omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269.

"[T]he scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" "is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Rotan*, 83 P.3d at 895. Thus, "[t]o discharge their duty . . ., insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds.'" *Id*. (emphasis omitted).

Plaintiff requested a "policy that would provide full replacement cost coverage for the Insured Property in the event of a loss." Pet. ¶ 25(a). Plaintiff contends that the insurance he received was "illusory full replacement cost coverage" that "deviat[ed] substantially and materially" from what was requested. *Id*. ¶ 63.

Plaintiff's allegations and the record reflect, however, that Defendant Hosch procured a full replacement cost policy providing coverage for weather-related losses, consistent with Plaintiff's request. *See id*. ¶¶ 5, 27, 30-32 ("The policy does not define, limit, or otherwise mitigate full replacement cost coverage for tornado, wind- and/or hail-storm damage . . . . Rather, all of [the] very real limitations exist in State Farm claims handling procedures . . . ." (emphasis omitted)); Policy (Doc. No. 1-2) at 21 ("*We* will pay the cost to repair or replace with similar construction and for the same use on the premises

6

shown in the *Declarations* . . . .").  Plaintiff does not allege that he communicated any additional specific coverage needs to Defendant Hosch that were disregarded.

Plaintiff therefore cannot show that, "by the agent's fault, insurance [was] not procured as promised."  *Swickey*, 979 P.2d at 269; *see also Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-47-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (finding no viable claim against the agent because the plaintiff's claim hinged upon what damage was sustained rather than the terms of the policy); *Rivera v. Hartford Ins. Co. of the Midwest*, No. CIV-14-1082-HE, 2014 WL 7335320, at *2 (W.D. Okla. Dec. 19, 2014) (finding no viable claim against the agent because no allegation was made that specific coverage was requested that the agent failed to provide).

Plaintiff additionally asserts that Defendant Hosch breached the duty owed to Plaintiff by failing to:

    i.  follow and abide by State Farm's underwriting policies/guidelines;

    ii.  perform all necessary inspections of the insured property;

    iii.  confirm the accuracy of the pre-filled information provided by State Farm's replacement cost estimating tool;

    iv.  disclose pre-existing damage to the insured property;

    v.  verify whether his inherent representation to State Farm and Plaintiff that the insured property (including the roof) was in good condition was accurate; and

    vi.  disclose all material facts of the alleged scheme ("Wind/Hail Focus initiative").

*See* Pet. ¶ 63(b).

Plaintiff identifies no legal authority establishing that Defendant Hosch, in his

capacity as an insurance agent, owed Plaintiff a duty to undertake any of the above-described actions in connection with procurement of the policy.  As explained in a similar case:

> Whatever underwriting duties [the insurance agent] may have owed to State Farm, as agent to principal, do not necessarily translate into a duty *to the insured*. . . . .
>
>   . . . .
>
> Bottom line, there is no basis shown for concluding that [the insurance agent] undertook or otherwise had a duty beyond securing the issuance of the initial and renewal policies for full replacement coverage.  Plaintiffs' arguments essentially contend that an agent has a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim.  Such a contention goes beyond any duty contemplated by Oklahoma law.

*Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-882-HE, 2023 WL 11883977, at *3-4 (W.D. Okla. Aug. 7, 2023).  And while "State Farm may well have multiple requirements as to what it expects its agents to do as part of its underwriting process," "that is not the same thing as concluding there is some underwriting duty owed to the insured."  *Marino v. State Farm Fire & Cas. Co.*, No. CIV-22-885-HE, 2023 WL 11915691, at *3 (W.D. Okla. Aug. 7, 2023) (emphasis omitted).  Further, the Policy expressly states that State Farm has no obligation to "make inspections and surveys of the insured location at any time," provide insureds with "reports on conditions," or "recommend changes" regarding insurability.  Policy at 35 (emphasis omitted).

Even assuming Defendant Hosch owed the above duties, Plaintiff alleges "State Farm and its adjuster specifically ignored wind/hail damage to the roof shingles and denied a full roof replacement to avoid paying Plaintiff the full replacement cost benefits he was

8

rightfully owed under the Policy." Pet. ¶ 40(e). Plaintiff therefore alleges injury arising from the adjuster's assessments and State Farm's related denials—not from the type of coverage procured by Defendant Hosch. *See id.; see also Weichbrodt v. State Farm Fire & Cas. Co.*, No. CIV-25-360-R, 2025 WL 1848819, at *2 (W.D. Okla. July 2, 2025) ("Plaintiff's damages flow from State Farm's allegedly improper interpretation of [plaintiff's] policy and adjustment of [plaintiff's] claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit").

For these reasons, Plaintiff has failed to state a possibly viable claim against Defendant Hosch for negligent procurement of insurance. *See Hall v. State Farm Fire & Cas. Co.*, No. CIV-25-12-JD, 2025 WL 2905205, at *5 (W.D. Okla. Oct. 13, 2025); *Steinkamp*, 2023 WL 11920886, at *2.

### 2. *Constructive Fraud/Negligent Misrepresentation*

Under Oklahoma law, constructive fraud or negligent misrepresentation consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, . . . by misleading another to his prejudice." Okla. Stat. tit. 15, § 59(1); *see Wilder v. State Farm Fire & Cas. Co.*, No. CIV-25-92-JD, 2025 WL 2918045, at *5 (W.D. Okla. Okla. 14, 2025). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). Put another way, "[c]onstructive fraud is the concealment of material facts which one is bound under the circumstances to disclose." *Bankers Tr. Co. v. Brown*, 107 P.3d 609, 613 (Okla. Civ. App. 2005) (internal quotation marks omitted). "A duty to speak may arise from partial disclosure." *Uptegraft v. Dome Petroleum Corp.*, 764

9

P.2d 1350, 1353 (Okla. 1988).

Plaintiff asserts that Defendant Hosch made several misrepresentations, including that the property met all underwriting guidelines, the property was eligible for replacement cost coverage, all property inspections had occurred, the replacement cost value was accurate, and the policy covered all weather-related damage. *See* Pet. ¶ 73. Plaintiff does not identify any affirmative statements made by Defendant Hosch during the procurement process concerning inspections, underwriting, or claims handling that serve as a basis for his claim. Instead, Plaintiff relies solely on inherent or implied representations arising from the agent's acts of procuring, binding, and renewing coverage. *See id.* ¶¶ 4, 19, 21, 25, 36.

Plaintiff further alleges that Defendant Hosch concealed material facts regarding State Farm's alleged scheme in violation of his duty to disclose. *See id.* ¶ 73. Plaintiff contends that Defendant Hosch had a duty of full disclosure that arose when he "chose to represent to Plaintiff that the condition of the insured property was sufficient for coverage under a State Farm policy." Pl.'s Mot. to Remand at 28 (emphasis omitted).

This Court has repeatedly declined to conclude that "an inherent or implied representation attendant to the issuance of an insurance policy" is a sufficient basis for a constructive fraud/negligent misrepresentation claim against an insurance agent. *Wilder*, 2025 WL 2918045, at *5; *see, e.g.*, *Cook v. State Farm Fire & Cas. Co.*, No. CIV-25-1098-R, 2025 WL 3461564, at *3 (W.D. Okla. Dec. 2, 2025). And as to State Farm's alleged "scheme," even assuming agents' knowledge, the Petition sets forth "no factual allegations that demonstrate [Defendant Hosch] disclosed any information that would have required [Defendant Hosch] to convey the information [Plaintiff] asserts was not disclosed"

10

regarding State Farm's claims handling tactics and related complaints. *Stafford v. State Farm Fire & Cas. Co.*, No. CIV-25-8-HE (W.D. Okla. May 27, 2025) (order denying remand).

Plaintiff further fails to allege facts establishing a causal connection between the alleged misrepresentations or omissions and the damages sought by Plaintiff in this action. State Farm's determination that some of the property damage was attributable to a non-covered cause does not render the policy illusory, fraudulent, or otherwise ineffective. "[T]he policy sought was the policy received," and that policy provides coverage for the type of loss claimed, as confirmed by State Farm's finding of covered damage under the policy. *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025); *see* Pet. ¶ 40(n). "All relevant disputes relate to the coverage decision"; the parties simply disagree on the cause and/or extent of damage claimed. *Rain Drop Found.*, 2025 WL 582562, at *5. Plaintiff's purchase of a replacement cost policy does not guarantee that his claims would be paid in full or "paid in the exact manner" he desires. *Id.* "[T]he Court is unable to make out a causal nexus between [Defendant Hosch's] actions at the procurement stage and Plaintiff's alleged prejudice at the coverage determination stage." *Id.*

State Farm has therefore met its burden to demonstrate the absence of a potentially viable claim against Defendant Hosch for constructive fraud/negligent misrepresentation.

CONCLUSION

For the reasons set forth above, the Court finds that fraudulent joinder has been established, and the nondiverse defendant—Defendant Jason Hosch Agency, Inc.—should

11

be disregarded.  Thus, there is complete diversity between the relevant parties, and remand is not warranted.

Accordingly, Plaintiff's Motion to Remand (Doc. No. 12) is DENIED.  Plaintiff's claims against Defendant Jason Hosch Agency, Inc. are DISMISSED without prejudice.[1] Defendant Jason Hosch Agency, Inc. shall be terminated as a party to this action.

The previously ordered stay of State Farm's Motion to Dismiss (Doc. No. 10) is hereby LIFTED and VACATED.  Plaintiff shall respond to the Motion to Dismiss within 21 days of the date of this Order.

IT IS SO ORDERED this 30th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] *See Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 796 (10th Cir. 2013) (explaining that once the district court "determined that [the nondiverse defendant] had been fraudulently joined," "it was required to dismiss him from the case without prejudice").