**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **QUAN NGUYEN,**<br>*Plaintiff,*<br>v.<br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br>*Defendant.* | **CIV-25-812-G**<br><br>**Hon. Charles B. Goodwin** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**STATE FARM'S PARTIAL MOTION TO DISMSS**

## CONTENTS

**I. INTRODUCTION .......... 1**

**II. STANDARD OF REVIEW .......... 4**

**III. ARGUMENT & AUTHORITY .......... 6**

A. The Contractual Limitation Is Inapplicable to Plaintiff's Bad Faith and Constructive Fraud Claims. .......... 6

B. State Farm's Contractual Limitation Should Not Apply .......... 7

1. Public Policy Requires the Legislature's Statute of Limitations Control over Arbitrary Contractual Limitations. .......... 7

2. State Farm Should Be Estopped from Enforcement of the Contractual Limitation. .......... 8

C. Plaintiff's Allegations of Fraudulent Concealment Defeat State Farm's Motion and Toll the Statute of Limitations. .......... 11

1. The Doctrine of Fraudulent Concealment Tolls the Statute of Limitations and Presents Fact Questions for the Jury. .......... 11

2. State Farm's Fraudulent Concealment Tolls the Statute of Limitations. .......... 14

3. Plaintiff's Complaint Sufficiently Pleads Fraudulent Concealment. .......... 15

4. State Farm Misleads the Court with Inapposite Precedent. .......... 19

D. State Farm's Motion Raises Failed Arguments. .......... 20

E. Plaintiff Respectfully Requests for Leave to Amend in the Alternative. .......... 22

**IV. CONCLUSION .......... 22**

## AUTHORITIES

**Cases**

*A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n*,
1997 OK 37, 936 P.2d 916 .................... 13, 21

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................... 4

*Bayro v. State Farm Fire & Cas. Co.*,
2015 WL 4717166 (W.D. Okla. Aug. 7, 2015) .................... 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................... 4

*Bistline v. Parker*,
918 F.3d 849 (10th Cir. 2019) .................... 5, 14 n.2

*Bowman v. Presley*,
2009 OK 48, 212 P.3d 1210 .................... 10

*Brookshire v. Burkhart*,
283 P. 571 (Okla. 1929) .................... 16, 19

*Brown v. Founders Bank & Trust Co.*,
1994 OK 130, 890 P.2d 855 .................... 13

*Chieftain Royalty Co. v. BP Am. Prod. Co.*,
2017 U.S. Dist. LEXIS 181475 (E.D. Okla. Nov. 2, 2017) .................... 12

*Darrow v. Integris Health, Inc.*,
176 P.3d 1204 (Okla. 2008) .................... 13, 14

*Dias v. City and Cnty. of Denver*,
567 F.3d 1169 (10th Cir. 2009) .................... 4

*Duran v. Carris*,
238 F.3d 1268 (10th Cir. 2001) .................... 4-5

*Erickson v. Pardus*,
551 U.S. 89 (2007) .................... 4

*Estrada v. Kriz*,
2015 OK CIV APP 19, 345 P.3d 403 ........................................ 13, 17 n.3, 21

*Frost v. ADT, LLC*,
947 F.3d 1261 (10th Cir. 2020) ........................................ 5

*Gay v. Akin*,
1988 OK 150, 766 P.2d 985 ........................................ 13

*Gray v. Holman*,
909 P.2d 776 (Okla.1995) ........................................ 7

*Gray v. Reliable Ins. Co.*,
1910 OK 218 ........................................ 7

*Great Northern Life Ins. Co. v. Cole*,
1952 OK 308, 248 P.2d 608 ........................................ 10

*Howard Family Charitable Found., Inc. v. Trimble*,
2011 OK CIV APP 85, 259 P.3d 850 ........................................ 13

*In re Urethane Antitrust Litig.*,
913 F. Supp. 2d 1145 (D. Kan. 2012) ........................................ 12

*Jarvis v. City of Stillwater*,
1987 OK 5, 732 P.2d 470 ........................................ 12

*Knellinger v. Young*,
134 F.4th 1034 (10th Cir. 2025) ........................................ 4

*Lavender v. Craig Gen. Hosp.*,
2013 OK CIV APP 80, 308 P.3d 1071 ........................................ 12

*Legacy Crossing, LLC v. Travis Wolff & Co.*,
229 Fed. App'x 672 (10th Cir. Apr. 9, 2007) ........................................ 16, 19-20

*Maher v. State Farm*
No. CJ-24-8245 (Okla. Cnty. Dist. Ct., Nov. 13, 2025) ........................................ 21

*Masquat v. DaimlerChrysler Corp.*,
2008 OK 67, 975 P.3d 48 ........................................ 11

*Morgan v. State Farm Mut. Auto. Ins. Co.*
2021 OK 27 ....................................................................................................9, 14

*Muller & Muller*,
2013 OK CIV APP 90, 311 P.3d 1247 ....................................................................21

*Nestle Food Co. v. Crews*,
2000 OK 58, 11 P.3d 205 ...........................................................................14-15

*Prudential Fire Ins. Co. v. Trave-Taylor Co.*,
1944 OK 272, 152 P.2d 273 ......................................................................................8

*Replogle v. State Farm Fire and Cas. Co.*,
2021 WL 6051068 (N.D. Okla. Dec. 21, 2021) ..........................................................5

*ROC ASAP, L.L.C. v. Starnet Ins. Co.*,
2014 U.S. Dist. LEXIS 21107 (W.D. Okla. Feb. 20, 2014) ........................................14

*Roemer v. State Farm Fire & Cas. Co.*,
2007 WL 527863 (N.D. Okla. Feb. 14, 2007) .........................................................6, 7

*Ross v. State Farm*
No. CJ-2022-2511 (Okla. Cnty. Dist. Ct., Sept. 29, 2022) ..........................................21

*Ruffin v. State Farm Fire & Cas. Co.*,
2014 WL 12730326 (W.D. Okla. Dec. 16, 2014) .......................................................10

*Springfield Fire & Marine Ins. Co. v. First Nat'l Bank of Taloga*,
1917 OK 574 ..............................................................................................................10

*Sutton v. David Stanley Chevrolet, Inc.*,
2020 OK 87, 475 P.3d 847 .........................................................................17-18 n.3

*Sutton v. Utah State Sch. for the Deaf & Blind*,
173 F.3d 1226 (10th Cir. 1999) ....................................................................................4

*Taylor v. State Farm Fire & Cas. Co.*,
981 P.2d 1253 (Okla.1999) ..........................................................................................6

*Terry v. Health Care Service Corp.*,
344 F. Supp. 3d 1314 ....................................................................................................6

*Tucker v. Cochran Firm-Criminal Def Birmingham, L.L.C.*,
2014 OK 112, 341 P.3d 673 .......... 13

*Wagnon v. State Farm Fire & Cas. Co.*,
1997 OK 160, 951 P.2d 641 .......... 6

*Walton v. Colonial Penn Ins. Co.*,
1993 OK 115, 860 P.2d 222 .......... 6

*Watkins v. Cent. State Griffin Mem. Hosp.*,
2016 OK 71, 377 P.3d 124 .......... 12

*Weber v. State Farm*
No. CJ-25-2575 (Okla. Cnty. Dist. Ct., March 31, 2026) .......... 21

*Wille v. GEICO Casualty Co.*,
2000 OK 10 .......... 9

*Yost v. State Farm*
No. CJ-25-2576 (Okla. Cnty. Dist. Ct., Jan. 6, 2026) .......... 21

**Statutes**

Okla. Stat. tit. 12, § 95(A)(3) .......... 7

Section 9 of article 23 of the Oklahoma Constitution .......... 7

**Rules**

Fed. R. Civ. P. 1 .......... 5

Fed. R. Civ. P. 8(a) .......... 4

Plaintiff Quan Nguyen ("Plaintiff") hereby submits his response in opposition to the Partial Motion to Dismiss (ECF No. 10, cited as the "Motion" or "Mtn.") filed by Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm").

## I. INTRODUCTION

The Court should deny State Farm's motion. Public policy requires the statute of limitations set by the legislature to control over arbitrary contractual limitations. Moreover, State Farm's fraudulent concealment tolls the provision.

This case centers on State Farm's bad faith conduct and systematic mistreatment of Plaintiff. State Farm subjected Plaintiff to its fraudulent Scheme, which is inherently designed to suppress the insured's knowledge of the pre-ordained nature of the claim denial. *See* Compl. ¶¶ 3, 4, 10, 26, 34, 40-44, 51, 55, 73. The Scheme, as pled, is an artifice designed to limit the insured's knowledge and conceal from the insured the falsity of the denial. *See id.*

As alleged, State Farm wrongfully and pre-textually denied the Claim. Compl. ¶¶ 3, 10, 26, 40. Plaintiff has no specialized knowledge of insurance and was under the false assumption that State Farm would handle his claim in good faith. State Farm prevented any possibility for Plaintiff to discover its actionable conduct by delaying its fraudulent investigation into the Claim. No amount of diligence can result in the discovery of a cause of action in conduct that has not yet occurred. Like any homeowner, Plaintiff could not have known State Farm had already made its claim decision prior to even inspecting the roof. When State Farm eventually "investigated" the claim, it engaged in multiple affirmative, deceptive acts to create the false impression that its' investigation was

legitimate to prevent Plaintiff from ascertaining State Farm's misconduct. Plaintiff should not be faulted for State Farm's bad faith and fraud.

At all relevant times, State Farm designed its Scheme to lean on its "good neighbor" marketing, duty of good faith, and relationship with Plaintiff as his insurer, to deceive Plaintiff and lull him into reliance upon State Farm's representations. Therefore, by the Scheme's own design, Plaintiff did not know he was being subjected to the Scheme when the one-year contractual provision in the Policy expired. *See* Compl. ¶¶ 3, 4, 10, 26, 34, 40-44, 55, 73.

In this case, State Farm weaponized an engineer—ProNet Group, Inc. ("ProNet")—to rubber-stamp its wrongful denial and give Plaintiff additional false assurances that the denial was made in good faith. Compl. ¶ 40(g). Indeed, Plaintiff relied upon these false assurances in accepting the denial as legitimate. *See* Compl. ¶ 40. Thus, State Farm, after ambushing Plaintiff with the wrongful denial, now ambushes him again with the arbitrary contractual limitations period. The same should not be held against him.

State Farm ignores the fact that claims handling progressed long after the one-year anniversary of Plaintiff's date of loss. State Farm did not assign ProNet to the claim until October 2, 2024. *See* Compl. ¶ 40. ProNet did not provide its report until November 19, 2024. *Id*. at ¶ 40. State Farm did not deny the claim until December 4, 2024—***over five months after the expiration of the one-year contractual limitations period***. *Id*. at ¶ 40(n). Yet, despite this activity taking place long after the one-year provision had expired, State Farm would have the limitation held strictly against Plaintiff. *Id*. This is fundamentally

unfair. This duplicitous argument exemplifies the ways State Farm breaches its duty of good faith to Plaintiff's prejudice.

State Farm incorrectly argues Plaintiff could have discovered State Farm's actionable conduct within a year from the June 15, 2023 date of loss. *See* Mtn. at 10-11. However, whether a diligent homeowner would have sufficient information to assert legal claims here while State Farm was still investigating the claim long after the one-year contractual limitations period had passed is a question of ***fact*** outside the scope of the pleadings at this stage.

Plaintiff seeks accountability for State Farm's systematic fraud and wrongdoing it perpetrates throughout Oklahoma and nationwide.[1] Conversely, State Farm seeks dismissal solely through the enforcement of a highly prejudicial and unjust one-year contractual statute of limitations provision (which State Farm urges should function as a short-term statute of repose). The unique circumstances in Plaintiff's case require tolling of the one-year contractual limitations clause. Such a restrictive policy provision should be struck down as unenforceable; the individual facts in this particular case show State Farm engaged

---

[1] State Fam's Scheme continues to receive scrutiny by the public, the Senate Homeland Security Committee, and recently Oklahoma's own Attorney General. Attorney General Gentner Drummond was granted his motion to intervene in an identical State Farm case involving Plaintiff's counsel and alleging the same fraudulent Scheme. *Hursh v. State Farm*, CJ-2025-2626, Court Minute (Oklahoma County Dec. 30, 2025); *see also* https://www.news9.com/oklahoma-city-news/why-oklahomas-attorney-general-is-asking-to-intervene-in-a-private-lawsuit (last visited Dec. 10, 2025); "Examining the Insurance Industry's Claims Practices Following Recent Natural Disasters - Committee on Homeland Security & Governmental Affairs," *available at* https://www.hsgac.senate.gov/subcommittees/dmdcc/hearings/examining-the-insurance-industrys-claims-practices-following-recent-natural-disasters/ (last visited Apr. 10, 2026).

in its claim handling after the arbitrary one-year contractual provision came and went, thus waiving enforcement of such provision. As such, Plaintiff respectfully requests this Court deny State Farm's Motion in its entirety.

## II. STANDARD OF REVIEW

Rule 8 requires that a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). To survive a motion to dismiss brought under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and draw all reasonable inferences in favor of the plaintiff. *Knellinger v. Young*, 134 F.4th 1034, 1044 (10th Cir. 2025). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Even post-*Twombly*, motions to dismiss remain ***heavily disfavored***. *Dias v. City and Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)("Granting a motion to dismiss is a

harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.") (citing *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)). Rather, the appropriate and preferred course is to allow pleadings to be determined on their merits. *See* Fed. R. Civ. P. 1 (federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

State Farm argues it should not answer for its bad faith and fraudulent conduct before this Court for two reasons: (1) the terms of Plaintiff's State Farm Policy bar suit (Mtn. at 4-8); and (2) Plaintiff failed to plead fraudulent concealment to toll any applicable time limitation (Mtn. at 8-11). State Farm's expansive, fraudulent conduct—which Plaintiff sufficiently pled in the Complaint—tolls any purported bar under a policy-suit limitation. Any inquiry into the merits of Plaintiff's allegations (*i.e.*, whether the alleged concealment in fact occurred) is premature at this juncture and inappropriately pre-judges the merits of Plaintiff's claims.

The Tenth Circuit confirmed that a defense based on a contractual time limitation is "analogous to a statute of limitations defense." *Replogle v. State Farm Fire and Cas. Co.*, 2021 WL 6051068, *2 (N.D. Okla. Dec. 21, 2021) (citing *Frost v. ADT, LLC*, 947 F.3d 1261, 1266 (10th Cir. 2020). Regarding fraudulent concealment, dismissal is improper where the Plaintiff's allegations create "**a factual question** regarding when [Plaintiffs] discovered their claims, thereby starting the running of the statutory period . . . ." *Bistline v. Parker*, 918 F.3d 849, 889 (10th Cir. 2019) (reversing dismissal of the Petition because allegations of fraudulent concealment created a factual question) (emphasis added).

Further, "'[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute of limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.'" *Terry v. Health Care Service Corp*., 344 F. Supp. 3d 1314, 1319 (citations omitted). In consideration of these principles, the ultimate question before the Court is whether it is plausible that Plaintiff's suit was timely filed.

## III. ARGUMENT & AUTHORITY

### A. The Contractual Limitation Is Inapplicable to Plaintiff's Bad Faith and Constructive Fraud Claims.

State Farm's contractual limitation is inapplicable to Plaintiff's claims for breach of the duty of good faith and fair dealing (or "bad faith") and constructive fraud. The one-year suit provision State Farm references in its Motion (*see* Mtn. at 3-5) is limited at best to contract claims and has no application on bad faith or any other tort-theory claim. *See Walton v. Colonial Penn Ins. Co.,* 1993 OK 115, ¶ 13, 860 P.2d 222, 225-26; *see also Wagnon v. State Farm Fire & Cas. Co.,* 1997 OK 160, ¶ 13, 951 P.2d 641,647, *as corrected* (Apr. 3, 1998) ("State Farm cannot, by labeling the homeowner's policy a 'fire insurance policy' circumvent the legislature's specific directive forbidding insurers from limiting filing suit on casualty policies to less than two years").

The Oklahoma Supreme Court has clearly stated that breach of contract and bad faith claims are separate bases for recovery, even though "indemnity for loss" is the centerpiece for both types of claims. *Taylor v. State Farm Fire & Cas. Co*., 981 P.2d 1253, 1258 (Okla.1999); *Roemer v. State Farm Fire & Cas. Co.*, 2007 WL 527863, at *5 (N.D. Okla. Feb. 14, 2007).

Plaintiff filed his bad faith and constructive fraud claims within the two-year statute of limitations for tort claims under Okla. Stat. tit. 12, § 95(A)(3), and should not be dismissed. *See Gray v. Holman*, 909 P.2d 776, 780 n. 8 (Okla.1995) (statute of limitation for bad faith claim is the two-year statute of limitations in § 95, even when insurance contract requires that all claims against insurer be initiated within one year); *see also Roemer*, 2007 WL 527863, at *5.

**B. State Farm's Contractual Limitation Should Not Apply**

**1. Public Policy Requires the Legislature's Statute of Limitations Control over Arbitrary Contractual Limitations.**

Public policy requires that the statute of limitations set by the Oklahoma legislature must control over an arbitrary contractual provision requiring any suit be brought within a year. *See* 15 O.S. § 216 ("Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void.").

Furthermore, Oklahoma Constitution Article 23, § 9 provides that "any provisions of any contract or agreement, express or implied, stipulating for notice or demand otherwise than as may be provided by law as a condition precedent to establish any claim, demand or liability, shall be null and void." The Oklahoma Supreme Court has long held that "[t]he obvious intention of this provision was to prevent the abridging of the time within which rights under the law may be enforced, and also to prevent any notice being required after a breach of a duty imposed by law as a condition precedent to maintaining

an action therefor." *See Gray v. Reliable Ins. Co.*, 1910 OK 218, ¶ 9, 110 P. 728.

State Farm correctly points out recent amendments to 36 O.S. § 1250.5(7) by the Oklahoma Legislature that apply to damage of a roof due to wind or hail. *See* Mtn. at 6. However, State Farm incorrectly concludes that this provision somehow does not apply because it is only applicable to claims, not lawsuits. Such a strict interpretation of this amendment is unwarranted and would be contrary to the legislative intent of this amendment. A lawsuit cannot be had unless a claim is filed, so it is beyond logic and the intent of the Legislature that an insured can file a claim within two years but, according to State Farm's own limiting and self-serving interpretation, would not be allowed to file a lawsuit within that two-year period. Regarding State Farm's assertion that Section 1250.5(7) does not apply because Plaintiff did not plead latent defects, this cannot be true because after the claim was filed, multiple inspections of the roof damage took place by State Farm and its hired-gun engineering company ProNet. Compl. ¶ 40. Plaintiff is not a roofing expert. Thus, it is unclear how the damage would be considered evident without inspection, such that 36 O.S. § 1250.5(7) would not apply.

**2. State Farm Should Be Estopped from Enforcement of the Contractual Limitation.**

The Court should estop State Farm from relying upon its restrictive and prejudicial one-year suit limitation period. As with any contractual provision written for the benefit of an insurer, such can be waived or deemed waived where its application would be inequitable. *Prudential Fire Ins. Co. v. Trave-Taylor Co.,* 1944 OK 272, ¶ 7, 152 P.2d 273, 275. Where there is evidence to support waiver, it becomes a question of fact for the jury.

*Id.* Such questions exist in this case.

The entirety of State Farm's argument focuses on Plaintiff's date of loss—the June 15, 2023 storm in Lawton. But the Oklahoma Supreme Court confirmed in *Morgan v. State Farm Mut. Auto. Ins. Co*. that **an action for breach of an insurance contract accrues when the contract is breached, not when the loss occurs**. 2021 OK 27, ¶¶ 22 and 24, 488 P.3d 743, 749-50; *see also Wille v. GEICO Casualty Co*., 2000 OK 10, ¶¶ 2, 7, and 10-12; 2 P.3d 888, 888-89 and 891-92 (cause of action based on contract accrued when the insurer breached the insurance contract, not the date of the underlying accident).

It would be manifestly unfair to allow State Farm to enforce its contractual limitations period despite engaging Plaintiff in what appeared to be good faith negotiations on the claim. Either State Farm was legitimately still negotiating with Plaintiff, or State Farm's arguments readily admit it was acting in bad faith. In either case, Plaintiff reasonably relied to his detriment on his reasonable expectation that State Farm was evaluating his requests in good faith. The Court should not allow State Farm to wield this as both a sword and shield to Plaintiff's prejudice.

Plaintiff is entitled to the reasonable expectation that State Farm ***may*** afford him the full replacement cost benefits, especially considering that State Farm and his agent—former defendant Jason Hosch Agency, Inc. ("Hosch")—had actively concealed the Scheme from Plaintiff. *See* Compl. ¶¶ 4, 26, 35-36, 40, 42-44, 51, 63, 73. Despite State Farm's assertions to the contrary, Plaintiff pled numerous instances of specific acts by Defendants to conceal their fraud and bad faith Scheme, which are detailed below.

State Farm cannot now seek to evade liability under the contract—especially at the

pleading stage. Indeed, an insurer cannot knowingly issue a worthless policy upon a valuable consideration, then afterwards intentionally take advantage of the circumstances to defeat its own contractual obligations. *See Great Northern Life Ins. Co. v. Cole,* 1952 OK 308, ¶ 15, 248 P.2d 608, 610-611; *see also Springfield Fire & Marine Ins. Co. v. First Nat'l Bank of Taloga*, 1917 OK 574, ¶ 7, 172 P. 652, 653-54. However, that is precisely what occurred here.

A whisper of fraud can topple the pillars of even the most impregnable contract; to base a contract upon fraud is to build it upon sand. The Oklahoma Supreme Court has repeatedly stated:

> The purpose and effect of the evidence introduced in the case at bar is not to contradict or vary the terms of the written contract, but to show that the plaintiff was imposed upon, and the fraud was practiced in obtaining his signature thereto. Fraud vitiates everything it touches, and a contract obtained thereby is voidable. And evidence is always admissible to show that contracts have been fraudulently obtained. We honor this rule because the public policy fostering the certainty and stability of contracts gives way to the public policy against fraud.

*Bowman v. Presley,* 2009 OK 48, ¶ 24, 212 P.3d 1210, 1220 (quotations omitted). Plaintiff pleads more sufficient, particular facts that cannot be reconciled in State Farm's favor at the pleading stage. *See Ruffin v. State Farm Fire & Cas. Co.*, 2014 WL 12730326, at *2 (W.D. Okla. Dec. 16, 2014) (factual development relating to tolling, waiver, and notice was required, rendering any determination at the pleading stage to be premature); *Bayro v. State Farm Fire & Cas. Co.*, 2015 WL 4717166, at *1 (W.D. Okla. Aug. 7, 2015) (same).

### C. Plaintiff's Allegations of Fraudulent Concealment Defeat State Farm's Motion and Toll the Statute of Limitations.

State Farm fraudulently concealed facts essential to Plaintiff's discovery of his causes of action. This concealment tolls the limitation at issue.

Despite State Farm's attempt to foretell Plaintiff's arguments regarding the statute of limitations (*see* Mtn. at 6-7), State Farm failed to adequately address the doctrine of fraudulent concealment. Plaintiff's Complaint plausibly and sufficiently pleads all claims and theories, including fraud and fraudulent concealment, against State farm with the required particularity. State Farm cannot rely on the success of its own fraudulent conduct to evade liability and continue to harm Plaintiff and thousands of other Oklahoma insureds. State Farm proffers its own circular logic in suggesting otherwise. Mtn. at 6-7, 9-10.

#### 1. The Doctrine of Fraudulent Concealment Tolls the Statute of Limitations and Presents Fact Questions for the Jury.

A defendant who fraudulently conceals material facts—thereby preventing the plaintiff from discovering his or her cause of action—is not entitled to benefit from that conduct or shield himself from liability with statute of limitations. *Masquat v. DaimlerChrysler Corp.,* 2008 OK 67, ¶ 18, 975 P.3d 48, 54-55 (quotations omitted). Rather, under the doctrine of fraudulent concealment, the statute will toll until the material facts at issue "could have been readily ascertained" through the exercise of "reasonable diligence," *Id.* (quotations omitted). When analyzing the effect of fraudulent concealment on the statute of limitations, the essential questions are whether and when "knowledge of the alleged defect [or scheme] [became] readily available so as to put an ordinary [person] on inquiry." *Id.* at 57.

Whether the plaintiff possessed sufficient information to trigger the running of the statute of limitations and whether certain actions constitute fraudulent concealment (thereby tolling the statute of limitations) are questions of fact for the jury. *Lavender v. Craig Gen. Hosp.,* 2013 OK CIV APP 80, ¶ 26, 308 P.3d 1071, 1077; *see also Watkins v. Cent. State Griffin Mem. Hosp.,* 2016 OK 71, ¶ 27, 377 P.3d 124, 131 ("It is for the trier of fact to determine if Defendants' conduct was misleading and whether such conduct induced [Plaintiffs] to refrain from bringing a timely action."); *Jarvis v. City of Stillwater*, 1987 OK 5, ¶ 4, 732 P.2d 470, 472-73 ("[A] plaintiff's allegations that the defendant made … any false, fraudulent or misleading conduct or some affirmative act of concealment to …preclude inquiry, which induces one to refrain from timely bringing an action," generally raises "[a] fact question as to whether a defendant is estopped from interposing the defense of a time bar." (footnotes omitted)); *Chieftain Royalty Co. v. BP Am. Prod. Co.*, 2017 U.S. Dist. LEXIS 181475, at *19 (E.D. Okla. Nov. 2, 2017) (citations omitted) ("Fraudulent concealment is a question of fact."); *In re Urethane Antitrust Litig.,* 913 F. Supp. 2d 1145, 1165 (D. Kan. 2012) (citations omitted) ("[T]he Tenth Circuit has stated that this element of fraudulent concealment generally presents a question of fact for the jury."). As discussed above, these fact issues are linked to some of Plaintiffs' substantive causes of action and are not ripe for adjudication or disposition through a motion to dismiss. *See In re Vitamins Antitrust Litig.,* Misc. No. 99-197 (TFH), 2000 U.S. Dist. LEXIS 7397, at *43 (D.D.C. May 9, 2000) (collecting cases) ("This court agrees with the many courts which have held that the issues of fraudulent concealment and due diligence are questions of fact ***that should not be decided on a motion to dismiss***." (emphasis added)).

Therefore, in the context of State Farm's Motion, the Court must determine whether Plaintiff has sufficiently pled fraudulent concealment (rather than attempt to determine at this early, pre-discovery stage whether the defendants engaged in fraudulent concealment). *See Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1208 (Okla. 2008) ("The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts."); *see also Tucker v. Cochran Firm-Criminal Def Birmingham, L.L.*C., 2014 OK 112, ¶ 21, 341 P.3d 673, 682 (motions to dismiss challenge "*the sufficiency of the face of the petition*," whereas motions for summary judgment speak to the merits of a cause of action (emphasis original)).

The heightened pleading does not require Plaintiff to supply the exacting level of detail State Farm demands. *Brown v. Founders Bank & Trust Co.*, 1994 OK 130, ¶ 12 n.17, 890 P.2d 855, 862 n.17 (discussing the pleading standard under 12 O.S. § 2009(B): "This section requires only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses. 'Particularity' does not mean the plaintiff has to plead detailed evidentiary matters." (internal citation omitted)); *see also A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n*, 1997 OK 37, ¶ 35, 936 P.2d 916, 930 (same); *Estrada v. Kriz*, 2015 OK CIV APP 19, ¶ 12, 345 P.3d 403, 407 (same). "The specificity required is only so much as will apprise a defendant of the conduct complained of so the opposing party may prepare responsive pleadings and defenses." *Howard Family Charitable Found., Inc. v. Trimble*, 2011 OK CIV APP 85, ¶ 47, 259 P.3d 850, 863 (applying 12 O.S. § 2009(B) and citing *Gay v. Akin*, 1988 OK 150,

¶ 18, 766 P.2d 985, 993).[2]

**2. State Farm's Fraudulent Concealment Tolls the Statute of Limitations.**

Courts are hesitant to apply a one-year contractual limitation where the insurer's conduct warranted tolling. *See ROC ASAP, L.L.C. v. Starnet Ins. Co.*, 2014 U.S. Dist. LEXIS 21107, at *22-23 (W.D. Okla. Feb. 20, 2014) (denying summary judgment for the insurer where the insurer expressly continued to "investigate" and negotiate a claim immediately before and after the contractual one-year limitation ran). In fact—bolstering Oklahoma's long-held premise that ***fraud vitiates whatever it touches***—the Oklahoma Supreme Court held in *Morgan*, *supra*, that fraudulent concealment tolls the statute of limitations on a breach of contract claim and stated, in some cases, equitable tolling of the limitations period may also be appropriate. *Morgan*, 488 P.3d at 745.

Under the aforementioned pleading standard and taken as true with all reasonable inferences drawn in Plaintiff's favor, the Complaint's factual allegations show State Farm actively and fraudulently concealed its bad faith conduct, thereby tolling any applicable limitations.[3] *Darrow,* 176 P.3d at 1208 (a court ruling on a motion to dismiss "must take as true all of the challenged pleading's allegations together with all reasonable inferences

[2] Because 12 O.S. § 2009(B) and Federal Rules of Civil Procedure Rule 9 are substantially similar, Plaintiff relies on caselaw analyzing the requirements of 12 O.S. § 2009(B) as persuasive authority.

[3] While there are circumstances in which a party may assert a statute of limitations defense via an initial responsive pleading, those assertions are only appropriate when a plaintiff "pleads itself out of court—that is, admits all the ingredients of an impenetrable [statute of limitations] defense." *Bistline*, 918 F.3d at 889. It cannot be said here that Plaintiff's Complaint lends itself to an "impenetrable defense" for State Farm when the Complaint alleges fraudulent concealment.

which may be drawn from them”). It is not beyond doubt (and State Farm has not shown) that Plaintiff’s claims are time-barred or that Plaintiff cannot prove a set of facts entitling her to relief. *Nestle Food Co. v. Crews,* 2000 OK 58, ¶ 17, 11 P.3d 205, 211 (quotations omitted) (holding that a petition “must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the pleader can prove no set of facts which would entitle him to relief”). Consequently, State Farm cannot avoid liability by shielding itself with the contractual limitation at issue. Finding otherwise would reward State Farm for successfully concealing its bad faith conduct.

**3. Plaintiff’s Complaint Sufficiently Pleads Fraudulent Concealment.**

State Farm’s rhetoric—that Plaintiff’s Complaint is “verbose and argumentative […] hyperbole—attempts to misdirect the Court from the ample and particular detail Plaintiff pled regarding State Farm’s concealment of its Scheme.

At all relevant times, Defendants concealed material facts about State Farm’s Scheme from Plaintiff. This concealment protected and perpetuated the Scheme, such that Plaintiff had no way of ascertaining the Scheme or the accrual of any cause of action against Defendants.

> The Scheme is an artifice, which State Farm designed to be hidden from its insureds’ discovery. To wit, the inherent nature of State Farm’s “good neighbor” promises—the duty of good faith and fair dealing State Farm owes its insureds—makes the artifice appear reliable. Insureds of ordinary prudence have no means of discovering the Scheme or their right to pursue recovery under the law.
>
> Consistent with State Farm’s pervasive, state-wide fraudulent Scheme described in detail throughout this Petition, State Farm actively, intentionally, and fraudulently concealed its Scheme to deny and/or underpay valid hail damage claims from Plaintiff. This concealment is an inherent and

> important aspect of State Farm's Scheme; as State Farm knew its Scheme would work only if it was kept secret.

Compl. at ¶¶ 43, 51. Plaintiff's Complaint describes in detail the means by which State Farm and Hosch concealed State Farm's pervasive, state-wide fraudulent Scheme from Plaintiff. Compl. at ¶¶ 4, 26, 35-36, 40, 42-44, 51, 63, 73. This concealment protected and perpetuated the Scheme, such that Plaintiff had no way of ascertaining the Scheme or the accrual of any cause of action against Defendants.

Plaintiff alleged a systematic and pervasive Scheme on the part of (a) Defendants State Farm Fire and Casualty Company ("State Farm") and (b) State Farm's captive agent Hosch. Compl. ¶ 1. Plaintiff alleged State Farm engages in the pattern and practice of wrongfully attributing wind and hail damage to pre-existing damage and conceals its reliance on pre-existing damage when denying claims like Plaintiff's in furtherance of the Scheme. Compl. ¶¶ 4, 10-11, 36, 40(q)-(r), 42, 55.

State Farm committed numerous other failures, including but not limited to "[f]ailing to adopt and implement reasonable standards for prompt investigations of claims arising under its insurance policies or insurance contracts[.]" 36 O.S. § 1250.5(3). Here, State Farm actively investigated the claim and damage to the Insured Property ***over five months after*** the contractual period for the asserted date of loss ran, and deprived Plaintiff of the ability to discover it had pre-textually denied the Claim. State Farm issued its denial letter on December 4, 2024. Compl. ¶ 40(n). State Farm's affirmative acts to conceal its bad faith conduct created the illusion of a legitimate investigation into the claim when, unbeknownst to Plaintiff, State Farm made its claim decision before the illegitimate

investigation began. State Farm's express, deceptive actions—inspecting the home and issuing its claim denial beyond a year after the one-year contractual limitations period expired, despite having already pre-textually denied the Claim—intentionally deprived Plaintiff of the opportunity to discover its actionable conduct.

Because of this, "the nature of the original fraudulent act was such that it hid the fraud from the defrauded party, then the limitations period would not begin until the fraud was uncovered." *Legacy Crossing, LLC v. Travis Wolff & Co.*, 229 Fed. App'x 672, 681 (10th Cir. Apr. 9, 2007) (citing *Brookshire v. Burkhart*, 283 P. 571, 577-78 (Okla. 1929)). As Plaintiff pled fraud, the discovery rule should apply, and any limitations period tolls.

Plaintiff expressly pled that "***Defendants failed to disclose all material information to an insured about State Farm's bad faith claims handling tactics***, its reliance on undisclosed definitions and standards outside of the Policy, internal and external complaints about State Farm's handling of wind and hailstorm claims, and other material information any insured would deem reasonable in making a purchasing decision." *See* Compl. ¶ 73(f) (emphasis added). Moreover, Plaintiff alleged:

> State Farm employs a narrow and limited definition (as well as restrictive claims handling protocols) for hail damage. This allows State Farm adjusters to deny claims even when their loss inspection clearly shows hail damage to the insured roof. ***State Farm's narrow and limited definition is absent from the four corners of the policy and <u>hidden</u> from the insured until State Farm uses it to deny a valid claim.*** State Farm's captive agents (including Agent here) are fully aware of the narrow and limited definition, ***<u>this critical disclosure is concealed</u>***, and State Farm's insureds are wholly unaware of coverage limitation until they suffer a loss, file a claim, and receive a denial. It is only when the insured becomes the latest victim of State Farm's Scheme that the insured learns of State Farm's internal limitations to its coverage regarding hail damage. ***<u>This is precisely what happened to Plaintiff.</u>***

Compl. ¶ 35 (emphasis added). "[A]ll of these very real limitations exist in State Farm claims handling procedures, ***which lie obscured beyond the view and understanding of the insured until the insured files a claim and confronts the Scheme***." Compl. ¶ 32 (emphasis added).

"Both [Hosch] and State Farm knew State Farm purposefully uses hidden definitions of wind- and/or hailstorm damage to deny claims, but failed to disclose these to insureds in the Policy or at any point prior to claims adjustment." Compl. ¶ 25(f)[4]; *see also* Compl. ¶¶ 4, 10, 13, 26-28, 34-36, 39, 40, 42, 55, 63-64, 72-77.

Neither State Farm nor Hosch ever advised Plaintiff of State Farm's Scheme, including but not limited to State Farm's internal and clandestine definitions of "hail damage," "wear and tear," "granular loss," "functional damage," etc. Instead, Hosch by virtue of the act of procuring the Policy and binding coverage (without limitation), acts to ensure coverage for the Plaintiff under the Policy for all fortuitous losses and that all weather-related damages—be it big or small, functional or cosmetic—regardless of the severity, nature or type was covered. Compl. ¶¶ 26-27.

---

[4] Notwithstanding State Farm's active fraudulent conduct (*see* Compl. ¶¶ 1, 3, 4, 10-11, 34-39, 40, 55-59, 68-78), failure to inform also supports allegations of fraud. Indeed, "the misrepresentation [element] may consist of remaining silent when one has the duty to speak." *Estrada,* 345 P.3d at 408 (citations omitted). Likewise, "[f]raudulent representations may consist of half-truths calculated to deceive, and a representation literally true is actionable if used to create an impression substantially false." *Sutton v. David Stanley Chevrolet, Inc.,* 2020 OK 87, ¶ 14, 475 P.3d 847, 854, *as corrected* (Oct. 21, 2020) (citations omitted); *see also* Compl. at ¶¶ 15, 42-44, 51, 55(b)(ii) & v(ii)-(iii), 68-75 (alleging that, under the duty of good faith and fair dealing, State Farm owed Plaintiff duties to disclose information material to the claim).

State Farm's narrow and limited definition of hail damage (such as "functional damage") is absent from the four corners of the policy and hidden from Plaintiff and other insureds until State Farm uses it to deny a valid claim. Compl. ¶¶ 26(e), 35, 40. State Farm's captive agents (including Hosch here) are fully aware of the narrow and limited definition, ***this critical disclosure is concealed,*** and State Farm's insureds are wholly unaware of this coverage limitation until they suffer a loss, file a claim, and receive a denial. Compl. ¶¶ 4, 29, 29 n.12, 34, 35, 40, 42-43, 51, 63, 73.

As a State Farm captive agent,[5] Hosch advanced State Farm's Scheme by selling to and/or renewing for Plaintiff a policy that purported to provide "replacement cost", which both State Farm and Hosch knew would not afford the coverage promised. Compl. ¶¶ 4, 10-11, 13-17, 25-28, 34-36, 55, 62-64, 68-78.

Hosch concealed material information (the impact of pre-existing damage on insureds' eligibility for replacement cost coverage, State Farm's narrow and limited definition of hail damage that is absent from the Policy, etc.) from Plaintiff that he knew would negate Plaintiff's replacement cost coverage and enable State Farm's typical ambush denial of the claim. Compl. ¶¶ 4, 13-28, 35-36, 40(q)-(r), 42-44, 63-64.

State Farm employed Pro Net Group to rubber stamp its denial, thereby dressing it in the trappings of reliability. Pet ¶ 40.

**4. State Farm Misleads the Court with Inapposite Precedent.**

State Farm relies on a lone, unpublished Tenth Circuit opinion in insisting that a

[5] A "captive" agent is one who generally sells only one company's policies to insureds.

separate act of concealment, and not Plaintiff's underlying fraud allegations, is necessary to toll the limitations for breach of contract. Mtn. at 9 (citing *Legacy Crossing*, 229 Fed. Appx. at 681). This is false, and State Farm points to no Oklahoma state court authority for this premise. *Legacy Crossings* deals only with ***fraud*** claims, not breach of contract. The court plainly required a "separate affirmative act" of concealment to toll the statute limitations ***on a fraud claim***:

> We believe that under the fraudulent concealment doctrine there must be a separate affirmative act of concealment intended to cover up the original fraudulent act. Otherwise, the exception (tolling for fraudulent concealment) would become the rule. In fraud cases, the limitations period would never begin to run until the defrauding party committed an affirmative act to reveal his fraud. Of course, if the nature of the original fraudulent act was such that it hid the fraud from the defrauded party, then the limitations period would not begin until the fraud was uncovered. *See Brookshire v. Burkhart,* 141 Okla. 1, 283 P. 571, 577–78 (1929). But that situation is governed by the statute's instruction that causes of action for fraud do not accrue until the fraud is discovered, not by the fraudulent concealment doctrine.

*Legacy Crossing*, 229 Fed. Appx. at 681. *Legacy Crossing* says nothing of fraud and concealment as applied to breach of contract. Moreover, it acknowledges that acts of fraud can indeed be acts of concealment. *See id*. The court's concerns over the exception consuming the rule are inapplicable to breach of contract claims.

Plaintiff adequately pled fraud and fraudulent concealment. State Farm's failure to acknowledge these well-pled allegations speaks volumes to its efforts to mislead this Court.

**D. State Farm's Motion Raises Failed Arguments.**

Finally, this Court's denial of State Farm's Motion is neither novel nor unprecedented. Rather, State Farm's Motion raises the same failed arguments it raised

before multiple Oklahoma County Judges, including the Honorable Aletia Timmons. *See, e.g.*, **Exhibit 1**, Sept. 29, 2022, Journal Entry, *Ross v. State Farm, et al.*, Case No. CJ-2022-2511. In *Ross*, State Farm argued the one-year contractual limitation barred suit. Judge Timmons considered the same arguments Plaintiff raises here regarding fraudulent concealment, the sufficiency of allegations, and the terms of State Farm's policy. She disagreed and denied the motion. *See* **Ex. 1**.

Similarly, On November 13, 2025, Plaintiff's counsel appeared in front of Judge Don Andrews in *Maher v. State Farm*, *et al.,* Oklahoma County, CJ-2024-8245, a case involving virtually identical facts on the issue of fraudulent concealment. In *Maher*, State Farm sought to enforce the one-year contractual provision to dismiss claims involving the April 19, 2023 date of loss despite having waived enforcement thereof, as State Farm inspected the insured property on April 15, 2024 (four days before the one-year date of loss ran). Accordingly, due to State Farm's conduct of investigating the claim up to and beyond the one year (same circumstances as Plaintiff's case here), State Farm's Partial Motion to Dismiss was properly denied. *See* **Exhibit 2**, *Maher v. State Farm*, *et al.,* No. CJ-2024-8245 (Okla. Cnty. Dist. Ct.) (Journal Entry filed Nov. 13, 2025). Other courts have recently reached the same conclusion and refused to enforce the one-year contractual limitations provision. *See* **Exhibit 3**, *Yost v. State Farm*, CJ-25-2576, Journal Entry (Oklahoma County, Jan. 6, 2026); *see also* **Exhibit 4**, *Weber v. State Farm*, CJ-25-2575, Journal Entry (Oklahoma County, March 31, 2026). Because these cases involved fraudulent concealment allegations substantially similar to Plaintiff's allegations, the same result is warranted here.

### E. Plaintiff Respectfully Requests for Leave to Amend in the Alternative.

If the Court is inclined to grant State Farm's Motion, Plaintiff respectfully requests leave to amend the Complaint and cure any defect. *See A-Plus Janitorial & Carpet Cleaning*, 936 P.2d at 930-31. A petition, "even if wanting in some particularity, is not subject to dismissal." *Id.*; *see also Estrada*, 345 P.3d at 410 (citations omitted) ("[E]ven if the allegations in the petition were not sufficient to withstand a motion to dismiss, 'the trial court still erred in dismissing the case without providing [the plaintiff] with an opportunity to amend her complaint.'"); *Muller & Muller*, 2013 OK CIV APP 90, ¶ 10, 311 P.3d 1247, 1250 ("Failure to plead fraud with specificity is not a ground for dismissal.") (citations omitted). Further, the Federal Rules of Civil Procedure state that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

Considering the importance of the issues at stake, Plaintiff respectfully requests an opportunity to amend the Complaint should the Court find any deficiencies.

## IV. CONCLUSION

State Farm used its superior bargaining position to hide its fraudulent tactics and defraud Plaintiff. Plaintiff sufficiently pled that Defendant's fraudulent concealment through numerous affirmative acts tolls the running of any statute of limitations, including the contractual limitation at issue. State Farm's arbitrary one-year provision is contrary to the Oklahoma Constitution and long-established public policy protections. Therefore, the

one-year contractual limitation at issue must be held as unenforceable and/or tolled in accordance with Plaintiff's allegations.

**WHEREFORE**, for the reasons stated herein, Defendant's Partial Motion to Dismiss must be denied. In the alternative, Plaintiff respectfully requests leave to amend the Complaint to cure any deficiencies found by the Court.

Respectfully submitted,

/s/ *John Sanders*

Reggie N. Whitten, OBA No. 9576
Michael Burrage, OBA No. 1350
Blake Sonne, OBA No. 20341
Hannah Whitten, OBA No. 35261
John S. Sanders, OBA No. 34990
Jake Denne, OBA No. 35097

**Whitten Burrage**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Office: 405.516.7800
Facsimile: 405.516.7859
rwhitten@whittenburragelaw.com
mburrage@whittenburragelaw.com
bsonne@whittenburragelaw.com
hwhitten@whittenburragelaw.com
jsanders@whittenburragelaw.com
jdenne@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically transmitted the above document to the Clerk of the Court and all parties of record using the Court's ECF filing System.

/s/ *John Sanders*