**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) QUAN NGUYEN<br><br>*Plaintiff,*<br>v.<br><br>(1) STATE FARM FIRE AND CASUALTY COMPANY<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-812-G |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Plaintiff's Response changes neither the controlling law nor the undisputed chronology. Plaintiff reaffirms a June 15, 2023, date of loss and a June 13, 2025, filing date—just under twelve months outside the Policy's one-year suit-limitation. The Policy provision is routinely enforced by federal courts applying Oklahoma law. *See, e.g.*, *Gamble v. State Farm Fire & Cas. Co.*, No. CIV-25-396-R, 2025 WL 2997887, at *3 (W.D. Okla. Oct. 24, 2025) (interpreting 36 O.S. § 3617). Thus, Plaintiff's theories to support waiver or tolling fail as a matter of law. This Court may address a limitations issue on a motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted). The burden is then on the Plaintiff to establish a factual basis for tolling the statute. *Id*. Because Plaintiff has not adequately alleged facts to toll the deadline, and the Policy's one-year limitation is enforceable, the breach of contract claim must be dismissed. No amendment can change those conclusions.

## I. Public Policy Does Not Render the One-Year Provision Unenforceable

The focus remains on Plaintiff's filing of the breach of contract claim outside the one-year limitations window. Importantly, the Oklahoma Constitution and the Oklahoma Legislature both agree with the Policy's limiting provision. The Oklahoma Constitution provides that "any provisions of any contract … stipulating for notice or demand ***otherwise than as may be provided by law*** … shall be null and void." OKLA. CONST. art. XXIII, § 9 (emphasis added); *see also* Pl.'s Resp. [Dkt. 19], p. 13. The Oklahoma Legislature passed both 15 O.S. § 216 which generally governs time-limiting provisions in contracts, and 36 O.S. § 3617 which expressly permits an insurer to "limit the time within which an action may be brought." It is a "fundamental canon of statutory construction that, when there is an apparent conflict between a specific provision and a more general one, the more specific one governs." *Shawnee Tribe v. United States*, 423 F.3d 1204, 1213 (10th Cir. 2005). Courts have determined the more specific of two conflicting provisions comes closer to addressing the very problem posed by the case at hand and is thus more deserving of credence. *R-S-C v. Sessions*, 869 F.3d 1176, 1184 (10th Cir. 2017) (citations omitted).

Plaintiff does not offer evidence to refute the Oklahoma Constitution, ***cited by him***, nor does he even once address 36 O.S. § 3617. Rather, Plaintiff's argument ignores the obvious—the Policy's provision is not arbitrary, prejudicial, or unjust: it is derived from a legislative enactment. *See* 36 O.S. § 3617; *see also Zewdie v. Safeco Ins. Co. of Am.*, 304 F. Supp. 3d 1101, 1107 n.5 (W.D. Okla. 2018) (Hon. Judge Heaton stated: "Oklahoma law allows insurers to shorten the time period within which an action for breach of a property insurance policy can be brought." (citing 36 O.S. § 3617)). Instead, Plaintiff presents 15

O.S. § 216 as the applicable statute. This disregards the Oklahoma Legislature's intent and the canon giving preference to the specific statute. The Policy's plain language provides a one-year limitation period for filing suit which begins on the date Plaintiff's residence was damaged. *See Caton v. State Farm Fire & Cas. Co.*, No. CIV-06-1112-F, 2007 WL 2993869, at *5 (W.D. Okla. Sept. 19, 2007); *see also Renaissance on Mem'l, L.L.C. v. Travelers Cas. Ins. Co. of Am.*, No. 23-CV-472-JDR-MTS, 2025 WL 1194998, at *2 (N.D. Okla. Apr. 24, 2025) (contractual requirement to sue within two years of the ***date of the direct physical loss*** is unambiguous and enforceable). Though "a policy … must be strictly construed … in favor of the insured, the court nonetheless cannot ignore the plain language of the [] policy." *Zewdie,* 304 F. Supp. 3d at 1108.

Considering the statutory guidance, Plaintiff's public-policy argument is misplaced. "[I]n Oklahoma, a contract violates public policy only if it clearly tends to injure public health, morals or confidence in the administration of law, or if it undermines the security of individual rights with respect to either personal liability or private property." *Siloam Springs Hotel, LLC v. Century Sur. Co*., 2017 OK 14, ¶ 22, 392 P.3d 262, 268 (citations omitted). Plaintiff urges the Court to override the provision, but "considerations of policy divorced from [a] statute's text and purpose [can]not override its meaning." *United States v. Tohono O'odham Nation*, 563 U.S. 307, 317 (2011).

In Plaintiff's view, State Farm would somehow be rewarded by this Court's decision to enforce the contractual provision. Plaintiff argues that the provision is used as both a sword and a shield. Pl.'s Resp. [Dkt. 19], p. 15. This view of the contractual provision is disconnected from the facts presented in Plaintiff's Response. Even when a contractual-

limitations period has run, an insurer that mishandles or wrongfully denies a claim remains exposed to Oklahoma's independent tort for breach of the duty of good faith and fair dealing. *Christian v. Am. Home Assur. Co.*, 1977 OK 141, ¶¶ 24-26, 577 P.2d 899, 904-5. Accordingly, the provision speaks for itself, and State Farm has proven that "the face of the petition shows beyond doubt [that Plaintiff's] action is time-barred." *Moneypenny v. Dawson,* 2006 OK 53, ¶ 2, 141 P.3d 549, 551. State Farm respectfully requests this Court not enlarge a statute where the legislature plainly could have spoken.

Plaintiff also contends the legislature would not have permitted insureds to file a claim within two years of a date of loss while allowing insurers to prohibit lawsuits after one year. Pl.'s Resp. [Dkt. 19], p. 14. Courts applying Oklahoma law have many times ruled otherwise. *See Gamble*, 2025 WL 2997887, at *3. The Western District of Oklahoma squarely addressed State Farm's "Suit Against Us" provision in light of statutory amendments to § 1250.5. The *Gamble* Court held there is no conflict, as § 1250.5(7) "deals with claims" and § 3617 "[deals] with actions." *Id*. This reading "reconcile[s] the different provisions, render[ing] them consistent and harmonious, and give[s] intelligent effect to each." *S. Tulsa Citizens Coal., L.L.C. v. Ark. River Bridge Auth.*, 2008 OK 4, ¶ 15, 176 P.3d 1217, 1221. *Gamble* aligns with longstanding interpretations of Oklahoma law.

In a further effort to terminate the one-year limitation, or have this Court toll the period, Plaintiff further asserts that State Farm has either waived its ability to enforce the provision or has taken action that forfeits proper enforcement. Neither is true.

## II. State Farm has not Waived its Right to Assert the One-Year Provision

State Farm has not waived its right to assert the one-year limitation. Waiver requires

"the intentional relinquishment of a known right," *Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 1944 OK 272, ¶ 8, 152 P.2d 273, 275, and equitable estoppel requires conduct "reasonably calculated to lull [] plaintiff into a sense of security and delay action." *Sanchez v. City of Sand Springs*, 1990 OK 26, ¶ 7, 789 P.2d 240, 241 (quotation omitted). To determine waiver in the context of the Policy provision, the relevant inquiry is whether the insurer's conduct prohibited the insured from filing suit within the contractual limitations period. *See Ins. Co. of N. Am. v. Bd. of Educ. of Indep. Sch. Dist. No. 12*, 196 F.2d 901, 904 (10th Cir. 1952) (applying Oklahoma law); *see also Marshall v. State Farm Fire & Cas. Co.*, No. CIV-24-00780-JD, 2025 WL 817606, at *3–4 (W.D. Okla. Mar. 13, 2025); *Melson v. Wachovia Bank*, 2010 OK CIV APP 135, ¶ 12, 245 P.3d 77, 80 (statements "after the statute of limitations had run ... would be of no consequence"). Plaintiff's Policy forecloses implied waiver: it declares "[a] waiver or change of any provision [] must be in writing by [State Farm] to be valid." *See* Not. of Rem. [Dkt. 1-2], p. 32. Plaintiff identifies no writing, and cites no authority, supporting his argument that application of this provision would be contrary to Oklahoma law.[1]

Nothing in the Petition indicates waiver or alleges facts that show dilatory conduct. The Petition and Response instead intentionally omit relevant facts of the claim-handling process to paint a picture of inaction on the part of State Farm. The Petition alleges, *inter alia*, that the Property was damaged on June 15, 2023, but State Farm delayed the investigation by waiting until November 7, 2024, to hire a third-party engineer. *See* Pet., ¶

[1] Plaintiff's waiver arguments have substantial overlap with his fraudulent concealment arguments, which are addressed *infra* § III.

40.[2] Plaintiffs omit that State Farm conducted its initial inspection on July 6, 2023, just one week after the claim was reported.[3] Ex. 1, Claim File History pg. 7. The findings were not enough for Plaintiff, so another inspection was scheduled for August 25, 2023. Ex. 1, Claim File History pgs. 6-7. During the second inspection, State Farm's contractor met with Plaintiff and his contractor, and the findings were discussed following the inspection. *Id*. Less than two weeks later, on September 7, 2023, State Farm issued payment and closed the claim. Ex. 1, Claim File History pgs. 5-6. On the date of payment, Plaintiff had all relevant facts sufficient to plead his breach of contract claim—more than nine months before the expiration of the limitations period.

Plaintiff cannot now claim waiver based on his own inaction. Nor can Plaintiff claim waiver based on claim handling that took place after the expiration of the contractual limitations period—it is legally impossible for State Farm to waive a limitations period after that period has run. *See Doe v. ISD I-89*, 1988 OK 115, ¶¶ 7, 14-15, 780 P.2d 659, 661-

[2] *Cf. Maher v. State Farm*, No. CJ-2025-8245 (Okla. Cnty. Nov. 13, 2025) (denying partial dismissal motion where State Farm conducted an inspection four days before limitations period expired); *Yost v. State Farm*, CJ-2025-2576 (Okla. Cnty. Jan. 6, 2026) (same, where State Farm was investigating claim after limitations period expired); *Weber v. State Farm*, No. CJ-25-2575 (Okla. Cnty. Mar. 31, 2026) (same). In any event, state trial court decisions are not binding on federal courts applying state law in diversity cases. *Rawson v. Sears, Roebuck & Co.*, 822 F.2d 908, 911 (10th Cir. 1987).

[3] In his pleading, Plaintiff refers to the filing of his claim and the interactions of the parties after its submission. Notably, Plaintiff omits interactions that would have given him inquiry notice of State Farm's position and undermine his claim—these omissions are reflected in the referenced claim file. *SIPCO, LLC v. Jasco Prods. Co., LLC*, 736 F. Supp. 3d 1109, 1113 (W.D. Okla. 2024) ("In evaluating a Rule 12(b)(6) motion, a court may rely on documents outside the pleadings if they are integral to the plaintiff's claims and their authenticity is not disputed.").

2 (explaining continued investigation after a denial does not waive a contractual limitation). Plaintiff's waiver arguments fall flat, and dismissal is compelled under *Melson* and the long line of cases holding that ongoing claim handling after the deadline is legally insufficient.

Threadbare assertions cannot survive dismissal when the limitations defense is apparent on the face of the complaint. *Aldrich*, 627 F.2d at 1041 n.4. Because Plaintiff pleads no facts to overcome the undisputed timeline, his waiver theory fails as a matter of law, and the breach of contract claim should be dismissed with prejudice.

## III. Fraudulent Concealment is Not Properly Plead and Cannot Toll the Limitations Period

Plaintiff argues he sufficiently pled fraudulent concealment; therefore, the statute of limitations for his breach of contract claim was tolled. Resp. at 13–22. Federal courts sitting in diversity apply the Federal Rules of Civil Procedure. *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 203 (D.N.J. 2011). Here, a claim of fraudulent concealment must be pled with particularity, in accordance with Rule 9(b). *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 879 (8th Cir. 2011) (citing Fed.R.Civ.P. 9(b)). Rule 9(b) requires Plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill*, 637 F.3d at 880. Plaintiff must properly plead State Farm's alleged "actions" at this stage for a question of fact to be appropriate for the jury.

The particularity required is not a recitation of the general allegations from his pleading. It requires that Plaintiff plead a separate affirmative act by State Farm that constitutes fraudulent concealment. *Gamble*, 2026 WL 165489, at *3. Retreating to the safety of the "Scheme" argument is insufficient to sustain the claim. Plaintiff offers no facts

regarding State Farm's behavior during the one-year window that prevented him from filing a claim within the allowed window.[4] Plaintiff further relies on *Legacy Crossing, L.L.C v. Travis Wolff & Co., L.L.P.*'s finding that a "limitations period would not begin until the fraud was uncovered." 229 F. App'x 672, 681 (10th Cir. 2007). More relevant here, however, the *Legacy* Court clarified that such a standard would only apply where a statute provided that causes of action for fraud did not accrue until the fraud was discovered. *Id*.

Here, the limitations period starts at the date of loss. Plaintiff pleads State Farm's purported constructive fraud and fraudulent concealment are one in the same. Just as the *Legacy* Court found that the plaintiff "never explain[ed] exactly how [the] use of the [] report … forced it to conclude that [the defendant's] audit was properly conducted," *Legacy*, 229 F. App'x at 681, here Plaintiff does not show how State Farm's findings—during the review of his June 15, 2023, claim—forced him to delay the filing a suit for nearly twenty-four months after the date of loss.

Plaintiff maintains the alleged "scheme" itself constitutes the required artifice, and he asserts State Farm concealed material facts related to that scheme. Pet. ¶¶ 42–43. The Response confirms this position. Pl's Resp. at 8 (arguing the scheme's intent is to deceive). Plaintiff contends that he would've adhered to the Policy's provision if he had knowledge of the scheme. But as the Western District recently held in a case involving materially identical allegations, "the scheme cannot form the same basis" for a constructive fraud claim and a fraudulent concealment claim. *Gamble*, 2025 WL 2997887, at *4 (applying

[4] Moreover, State Farm objects to Plaintiff's continued attacks on State Farm's captive agents, such as Hosch who has been properly removed from this action.

Oklahoma law) (collecting cases). Like in *Gamble*, Plaintiff "confuse[s] the necessary level of information to start the running of the statute of limitations with the necessary level of evidence to win on the merits." *Legacy*, 229 F. App'x at 679. In short, Plaintiff points to no affirmative act by State Farm that prevented him from discovering his breach of contract claim within the limitations period. He only shows his choice to file suit out of time. The Tenth Circuit has "found no case in which the actions or inactions of the plaintiff alone have provided a basis for [] equitable tolling to a limitations period." *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 262 (10th Cir. 1994). Thus, Plaintiff's omission is dispositive.

Finally, Plaintiff's assertion of fraudulent concealment is immaterial because of the statute of repose applicable here. A statute of repose, such as 36 O.S. § 3617, sets the period where a plaintiff may bring suit, unrelated to the time when the claim accrued. *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1218 n. 2 (10th Cir. 1991). The bar is tied to an independent event. *Id*. Here, Plaintiff had one year to bring suit after the ***date of loss***. These statutes encourage timely-filed claims, granting "free[dom] from liability after [a] period of time." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014); *see also Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 408–09 (9th Cir. 2002). This one-year period is ***not*** subject to tolling. *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015); *see also Waldburger*, 573 U.S. at 10 (2014). Courts liken such statutes to strong medicine, "precluding … even meritorious suits because of delay for which the plaintiff is not responsible." *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1183 (10th Cir. 2012) (citation omitted). This is true even where fraud conceals the fact from the plaintiff. *Bradley v. Val-Mejias*, 379 F.3d 892, 897 (10th Cir. 2004). While it State Farm did not commit fraud,

§ 3617 is unconcerned with its behavior when applying the limitations period.

**IV. Leave to Amend**

This Court should not allow Plaintiff's "drive-by request[] to amend" the Petition. *Jones v. State Farm Fire & Cas. Co.*, No. CIV-24-00032-PRW, 2024 WL 4296544, at *2 (W.D. Okla. Sept. 25, 2024). Plaintiff makes a passing and brief request for leave to amend. But Local Civil Rule 15.1 requires that a party seeking to amend a pleading "attach the proposed pleading as an exhibit to the motion." And Local Civil Rule 7.1(c) prohibits a response brief from "includ[ing] a motion or a cross-motion … by the responding party." Because Plaintiff failed to comply with the local rules, he should not be granted permission to file an amended complaint by the Court. *See Brown v. Blackstone Consulting, Inc.*, No. CIV-21-353-R, 2021 WL 5166023, at *4 (W.D. Okla. Nov. 5, 2021) ("A response to a motion to dismiss is not the proper filing to request amendment to an amended complaint The Court will not grant leave based on a request in a response to a motion to dismiss."). Further, dates of the events doom the claim. This is not a technical defect in the pleading. No amendment would assist Plaintiff in meeting the June 15, 2024, deadline as required by the Policy. Dismissal should therefore be with prejudice. *See* 12 O.S. § 2012(G).

**V. Conclusion**

For the foregoing reasons, State Farm respectfully submits that Plaintiff's breach of contract claim (Count I of the Petition) is untimely and Plaintiff has not adequately pleaded a valid basis for tolling of the contractual limitations period. The Petition simply reaffirms that Plaintiff waited too long to sue. State Farm therefore asks that the Court dismiss Count I with prejudice and grant such other and further relief as may be just and proper.

Respectfully submitted,

*<u>/s/ Ashlyn M. Smith</u>*
Lance E. Leffel, OBA No. 19511
Ashlyn M. Smith, OBA No. 34025
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
Phone: 405-235-5500
Fax: 405-235-2875
lleffel@gablelaw.com
asmith@gablelaw.com

-and-

Carrie B. McNeer, OBA No. 22235
GABLEGOTWALS
110 N. Elgin Avenue., Suite 200
Tulsa, OK 74120
Phone: 918-595-4800
Fax: 918-595-4990
cmcneer@gablelaw.com

***Attorneys for Defendant State Farm Fire and Casualty Company***

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Reggie N. Whitten
Michael Burrage
Blake Sonne
Hannah Whitten
John S. Sanders
Jake Denne

*/s/Ashlyn M. Smith*
Ashlyn M. Smith